1  **KAZEROUNI LAW GROUP, APC**
2  Abbas Kazerounian, Esq. (SBN: 249203)
   ak@kazlg.com
3  Mohammad Kazerouni, Esq. (SBN: 252835)
   mike@kazlg.com
4  Gouya Ranekouhi, Esq. (SBN: 288267)
   gouya@kazlg.com
5  245 Fischer Avenue, Unit D1
6  Costa Mesa, CA 92626
   Telephone: (800) 400-6808
7  Facsimile: (800) 520-5523
8
   [ADDITIONAL PLAINTIFFS' COUNSEL ON SIGNATURE LINE]
9
10 *Attorneys for Plaintiffs,*
   Guadalupe Mike Marquez and Jeffrey Whiteman
11
12        UNITED STATES DISTRICT COURT
           CENTRAL DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| **GUADALUPE MIKE MARQUEZ; AND, JEFFREY WHITEMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**R.M. GALICIA, INC., dba PROGRESSIVE MANAGEMENT SYSTEMS,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///
///
///
///
///

---

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**     PAGE 1 OF 13

## INTRODUCTION

1. GUADALUPE MIKE MARQUEZ (hereinafter "Plaintiff Marquez") and JEFFREY WHITEMAN (hereinafter "Plaintiff Whiteman") (collectively as "Plaintiffs") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of R.M. GALICIA, INC., dba PROGRESSIVE MANAGEMENT SYSTEMS (hereinafter "PMS" or "Defendant") in negligently contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA."

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy

invasion.

*Id.* at § 12.

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b).

6. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff Marquez resides in the City of Glendora, County of Los Angeles, State of California which is within this judicial district; Plaintiff Whiteman resides in the City of Huntington Beach, County of Orange, State of California which is within this judicial district; (ii) the conducts complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    (a)    is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district, and is therefore also subject to personal jurisdiction;

    (b)    does substantial business within this district; and,

    (d)    the harm to Plaintiffs occurred within this district.

## PARTIES

7. Plaintiff Marquez is, and at all times mentioned herein was, a citizen and resident of the County of Los Angeles, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

8. Plaintiff Whiteman is, and at all times mentioned herein was, a citizen and resident of the County of Orange, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

9. Plaintiffs are informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation incorporated in the State of California, with a place of business located at 1521 West Cameron Avenue, 1st Floor, West Covina, CA 91790. Defendant is, and at all times mentioned herein was, a corporation, and is a "person," as defined by 47 U.S.C. § 153 (39). Defendant is a debt collector in the business of collecting debts from consumers nationwide.

**FACTUAL ALLEGATIONS AS TO PLAINTIFF MARQUEZ**

10. At all times relevant, Plaintiff Marquez was a citizen of the State of California. Plaintiff Marquez is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

11. Defendant is, and at all times mentioned herein was, a corporation incorporated in the State of California, with a place of business located at 1521 West Cameron Avenue, 1st Floor, West Covina, CA 91790 and a "person," as defined by 47 U.S.C. § 153 (39).

12. At all times relevant Defendant conducted business in the State of California and in the County of Los Angeles and the County of Orange, within this judicial district.

13. Sometime prior to September 2013, Plaintiff Marquez received collection calls on Plaintiff Marquez's cellular telephone number ending in "2074" from Defendant.

14. In or about September 2013, Plaintiff Marquez verbally revoked any consent to receive any telephone calls from Defendant.

15. On or about October 17, 2013, Plaintiff Marquez through counsel, sent Defendant a letter asking Defendant to cease and desist collection activities

for Plaintiff Marquez as Defendant was in violation of the Fair Debt Collection Practices Act. This letter to Defendant also revoked all prior business relationships between Plaintiff Marquez and Defendant, and expressly revoked any prior consent that may have been given to Defendant to allow for calls to Plaintiff Marquez via an automated telephone dialing system.

16. Sometime prior to July 2014 and continuing to present, Defendant began contacting Plaintiff Marquez on Plaintiff Marquez's cellular telephone number ending in "2074" via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and/or an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227(b)(1)(A).

17. The calls to Plaintiff Marquez's cellular telephone ending in "2074" from Defendnat occurred on, but not limited to, the following dates and times: July 17, 2014 at 10:59 a.m., July 25, 2014 at 9:45 and 9:48 a.m., August 5, 2014, at 9:40 a.m.

18. These calls to Plaintiff Marquez's cellular telephone ending in "2074" were pre-recorded collection calls in an attempt to collect a debt allegedly owed to Defendant. These calls were made using an ATDS and/or prerecorded voice.

19. At no time did Plaintiff Marquez consent to receive such unsolicited telephone calls from Defendant, whereas in fact there was an oral revocation of any previously deemed consent and a written revocation sent via Plaintiff Marquez's counsel.

20. Defendant used telephone number (866) 767-9317 to place unsolicited calls to Plaintiff Marquez's cellular telephone ending in "2074".

21. Through the unsolicited telephone calls, Defendant contacted Plaintiff Marquez on Plaintiff Marquez's cellular telephone for debt collection purposes via an "automatic telephone dialing system," ("ATDS") and/or

artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

22. This ATDS used by Defendant to call Plaintiff Marquez has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff Marquez incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

24. This telephone call was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

25. Plaintiff Marquez did not provide Defendant or its agent prior express consent to receive telephone calls to his cellphone pursuant to 47 U.S.C. § 227 (b)(1)(A).

26. The unsolicited telephone calls by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

### FACTUAL ALLEGATIONS AS TO PLAINTIFF WHITEMAN

27. At all times relevant, Plaintiff Whiteman was a citizen of the State of California. Plaintiff Whiteman is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

28. Defendant is, and at all times mentioned herein was, a corporation incorporated in the State of California, with a place of business located at 1521 West Cameron Avenue, 1st Floor, West Covina, CA 91790 and a "person," as defined by 47 U.S.C. § 153 (39).

29. At all times relevant Defendant conducted business in the State of California and in the County of Los Angeles and the County of Orange, within this judicial district.

30. Sometime prior to July 2014, Plaintiff Whiteman received collection calls on Plaintiff Whiteman's cellular telephone number ending in "0140" from Defendant.

31. Sometime prior to July 2014, Plaintiff Whiteman verbally revoked any consent to receive any telephone calls from Defendant.

32. Thereafter and continuing to present, Defendant began contacting Plaintiff Whiteman on Plaintiff Whiteman's cellular telephone number ending in "0140" at least once a day, via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and/or an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227(b)(1)(A).

33. These calls to Plaintiff Whiteman's cellular telephone ending in "0140" were pre-recorded collection calls in an attempt to collect a debt allegedly owed to Defendant. These calls were made using an ATDS and/or prerecorded voice.

34. At no time did Plaintiff Whiteman consent to receive such unsolicited telephone calls from Defendant, whereas in fact there was an oral revocation of any previously deemed consent.

35. Defendant used telephone number (866) 767-9317 and various other telephone numbers to place unsolicited calls to Plaintiff Whiteman's cellular telephone ending in "0140".

36. Through the unsolicited telephone calls, Defendant contacted Plaintiff Whiteman on Plaintiff Whiteman's cellular telephone for debt collection purposes via an "automatic telephone dialing system," ("ATDS") and/or artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

37. This ATDS used by Defendant to call Plaintiff Whiteman has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

38. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff Whiteman incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

39. This telephone call was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

40. Plaintiff Whiteman did not provide Defendant or its agent prior express consent to receive telephone calls to his cellphone pursuant to 47 U.S.C. § 227 (b)(1)(A).

41. The unsolicited telephone calls by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

42. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated ("the Class").

43. Plaintiffs represent, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call/s from Defendants or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or pre-recorded voice, which call was not made for emergency purposes, within the four years prior to the filing of the Complaint.

44. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

45. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiffs and the Class members via an ATDS and/or a

prerecorded voice on their cellular telephones, thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, and invading the privacy of said Plaintiffs and the Class members. Plaintiffs and the Class members were damaged thereby.

46. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

47. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

48. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

    a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent any unsolicited telephone calls (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing and/or artificial or prerecorded voice to any telephone number assigned to a cellular phone service;

    b) Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

c) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

d) Whether Plaintiffs and the Class are entitled to any other relief.

49. As a person who received at least one unsolicited telephone call without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

50. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

51. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

52. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

53. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

1  ///
2  ///
3  ///

# FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

54. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

56. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiffs and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

57. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

58. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

60. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs and The Class are entitled to an award of $1,500.00 in

statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

61. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

62. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.

Dated: January 13, 2015                                   Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**


By:_____/s/Gouya Ranekouhi_____
ABBAS KAZEROUNIAN
GOUYA RANEKOUHI
ATTORNEYS FOR PLAINTIFFS


[ADDITIONAL PLAINTIFFS' COUNSEL]

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
324 S. Beverly Drive, #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228