**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mohammad Kazerouni, Esq. (SBN: 252835)
mike@kazlg.com
Gouya Ranekouhi, Esq. (SBN: 288267)
gouya@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa CA, 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

(Additional Attorneys on Signature Page)

*Attorneys for Plaintiffs*,
Guadalupe Mike Marquez and Jeffrey Whiteman

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE MIKE MARQUEZ; AND, JEFFREY WHITEMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>R.M. GALICIA, INC., dba PROGRESSIVE MANAGEMENT SYSTEMS,<br><br>Defendant. | Case No.: 8:15-cv-00052-JVS-JCG<br><br>**JOINT RULE 26(F) SCHEDULING REPORT**<br><br>**Scheduling Conference:**<br><br>Date: May 18, 2015<br>Time: 11:30a.m.<br>Courtroom: 10C<br><br>Hon. James V. Selna |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiffs and counsel for Defendant conferred to discuss matters set forth in Rule 16 and Rule 26(f). Plaintiffs GUADALUPE MIKE MARQUEZ and JEFFREY WHITEMAN ("Plaintiffs"), Individually and On Behalf of All Others Similarly

1  Situated, and Defendant R.M. GALICIA, INC., dba PROGRESSIVE
2  MANAGEMENT SYSTEMS, ("Defendant"), jointly submit this report in
3  accordance with Rule 26(f) of the Federal Rules of Civil Procedure.

**A.  STATEMENT OF THE CASE**

   **Plaintiffs' Statement:**

Plaintiffs bring this action for themselves and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the allegedly illegal actions of Defendant in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA"), thereby invading Plaintiffs' privacy.

Plaintiff Marquez is informed and believes, and thereon alleges, that sometime prior to September 2013, Plaintiff Marquez received collection calls on his cellular telephone from Defendant. Thereafter, Plaintiff Marquez revoked any consent to receive any telephone calls from Defendant. On or about October 17, 2013, Plaintiff Marquez through counsel, sent Defendant a letter asking Defendant to cease and desist collection activities for Plaintiff Marquez as Defendant was in violation of the FDCPA. This letter also revoked all prior business relationships between Plaintiff Marquez and Defendant, and expressly revoked any prior consent that may have been given to Defendant to allow for calls to Plaintiff Marquez via an ATDS. Sometime prior to July 2014 and continuing to present, Defendant began contacting Plaintiff Marquez on his cellular telephone via an ATDS. These calls to Plaintiff Marquez's cellular telephone were prerecorded collection calls in an attempt to collect a debt allegedly owed to Defendant, and were made using an ATDS and or/prerecorded voice.

Plaintiff Whiteman is informed and believes and thereon alleges that sometime prior to July 2014, Plaintiff Whiteman received collection calls on Plaintiff Whiteman's cellular telephone from Defendant. Prior to July 2014,

1  Plaintiff Whiteman had verbally revoked any consent to receive any telephone
2  calls from Defendant. Thereafter and continuing to present, Defendant began
3  contacting Plaintiff Whiteman on Plaintiff Whiteman's cellular telephone at least
4  once a day, via an ATDS and or artificial/prerecorded voice.

5  These calls to Plaintiffs were made using an automatic telephone dialing
6  system and/or an artificial or prerecorded voice as defined by 47 U.S.C. §
7  227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A). This ATDS used by
8  Defendant to call Plaintiffs had the capacity to store or produce telephone numbers
9  to be called, using a random or sequential number generator. The calls by
10 Defendant were to telephone numbers assigned to a cellular telephone service for
11 which Plaintiffs incur a charge for incoming calls, in violation of 47 U.S.C.
12 227(b)(1). These calls were not made for emergency purposes as defined by 47
13 U.S.C. § 227(b)(1)(A)(i). Plaintiffs did not provide Defendant or its agent prior
14 express consent to be contacted by an ATDS on Plaintiffs' cellular telephones.
15 These automated telephone calls by Defendant were in violation of 47 U.S.C.
16 227(b)(1)(A)(iii).

17 **Defendant's Statement:**

18  Defendant denies all allegations and claims of damages. Defendant had
19 consent to place calls to both Marquez and Whiteman because Marquez and
20 Whiteman provided the telephone numbers at issue to their health care providers at
21 the time of services and these health care providers subsequently placed various
22 accounts with Defendant for collection. According to account records, Defendant
23 had no communication whatsoever with Whiteman. As a result, he could not have
24 revoked consent. According to account records, Defendant ceased
25 communications with Marquez with respect to the accounts at issue when his and
26 his counsel's cease and desist demands were made. A different account was later
27 placed with Defendant for collection; there was no cease and desist request as to
28 the later placed account nor could there have been a revocation of consent.

**B.   SUBJECT MATTER JURISDICTION**

This Court has jurisdiction pursuant to 47 U.S.C. § 227(b) and venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b)

**C.   LEGAL ISSUES**

**Plaintiffs' Statement:**

Plaintiffs contend the key legal issues are: 1) whether Defendant obtained "prior express consent" pursuant to 47 U.S.C. § 227(b)(1)(A) to call Plaintiffs and the putative class members on their cellular telephones using an ATDS; 2) whether the calls from Defendant to Plaintiffs and the putative class members were for an "emergency purpose" pursuant to 47 U.S.C. § 227(b)(1)(A); 3) whether a class action pursuant to Fed. R. Civ. P. 23 is maintainable; and 4) whether Defendant's conduct violated the TCPA by using an ATDS when contacting Plaintiffs and the putative class members' cellular telephones without having first obtained prior express consent.

**Defendant's Position:**

Defendant contends the key legal issues are: 1) whether Defendant obtained "prior express consent" pursuant to 47 U.S.C. § 227(b)(1)(A) to call Plaintiffs and the putative class members on their cellular telephones using an ATDS; 2) whether "prior express consent" once established was effectively revoked by either Plaintiff or any member of the putative class; 3) whether the telephone equipment used by Defendant is an "automatic telephone dialing system" under the TCPA; 4) whether a class action pursuant to Fed. R. Civ. P. 23 is maintainable.

Defendant concedes that in the ordinary course of business it does not place calls for an "emergency purpose" pursuant to 47 U.S.C. § 227(b)(1)(A).

**D.   DAMAGES**

It is Plaintiffs' position that the realistic range of provable statutory damages

Kazerouni Law Group, APC
Costa Mesa, California

is between $500 and $1,500 per violation of the TCPA, as 47 U.S.C. § 227(b)(3)(B) permits the recovery of $500 in statutory damages for each negligent violation, and 47 U.S.C. § 227(b)(3)(B) permits an award of treble damages up to $1,500 against Defendant for each and every knowing or willful violation of the TCPA. Plaintiffs also pray for injunctive relief prohibiting such conduct in the future, as well as any and all other relief this Court deems just and proper.

E.    **INSURANCE COVERAGE**

**Plaintiffs' Position:**

    Plaintiffs do not presently have any insurance coverage.

**Defendant's Position:**

    Defendant is insured for its professional liability through Ironshore Specialty Insurance Company.

F.    **MOTIONS**

    a.    <u>Motion for Class Certification</u>: On February 10, 2015, the Parties filed a Stipulation extending the date by which Plaintiffs must file a Motion for Class certification from April 20, 2015, to October 17, 2015. Thereafter, the Court granted this extension. Defendant has thirty (30) days from the date Plaintiffs' Motion for Class Certification is filed, to file an Opposition; and that Plaintiffs have fourteen (14) days from the date on which Defendant's Opposition to Motion for Class Certification is filed, to file a Reply to Defendant's Opposition.

    b.    <u>Motion for Summary Judgment</u>: Plaintiffs may elect to file a Motion for Summary Judgment as to liability of Defendant to Plaintiffs' individual claims only. Defendant is likely to file a Motion for Summary Judgment as to the individual claims of one or both Plaintiffs.

    c.    <u>Service</u>: Plaintiffs are unaware of any parties for which service is outstanding.

    d.    <u>Related Cases</u>: Plaintiffs are unaware of any related cases.

    e.    <u>Transfer</u>: Plaintiffs do not anticipate a need to transfer venue from the

1 Central District of California.

2     f.    <u>Amend Pleadings</u>: Plaintiffs do not anticipate a need to amend Plaintiffs' Complaint, but Plaintiffs reserve the right to do so as it may become necessary. Defendant does not anticipate the need to amend its responsive pleading.

## G. MANUAL FOR COMPLEX LITIGATION

Although this is a putative national class action, the Parties do not believe that this action is complex, or that the Manual of Complex Litigation should be utilized in this case.

## H. STATUS OF DISCOVERY

**Plaintiffs' Position**

Plaintiffs will serve written discovery, a Rule 30(b)(6) Notice of Deposition, and initial disclosures in accordance with the Federal Rules of Civil Procedure.

**Defendant's Position**

Defendant will serve written discovery, conduct the depositions of Plaintiffs, and serve initial disclosures in accordance with the Federal Rules of Civil Procedure.

## I. DISCOVERY PLAN

### 1. Identity of Anticipated Deponents and Anticipated Deposition Dates

**Plaintiffs' Position:**

Plaintiffs require Deposition testimony of the Person(s) Most Knowledgeable for Defendant. Plaintiffs anticipate taking the deposition of Defendant's representatives pursuant to Fed. R. Civ. P. 30(b)(6) by August of 2015, barring any significant discovery dispute. Plaintiffs also anticipate taking the deposition of certain of Defendant's employees who may have information relevant to this action as it concerns such things as Defendant's telephone dialing practices during the class period and Defendant's practices of updating customer

contact information subsequent to customer contacts. At this time, Plaintiffs are unaware of the actual identity of such witnesses, but Plaintiffs believe Defendant is (or soon will be) aware of the identity of such witnesses.

**Defendant's Position:**

Defendant will require the deposition testimony of Plaintiffs concerning the alleged facts supporting their claims and their suitability to serve as class representatives.

**Anticipated Written Discovery Requests**

**Plaintiffs' Position:**

Plaintiffs anticipate propounding Requests for Admissions, Requests for Production of Documents and Special Interrogatories. In propounding said discovery, Plaintiffs seek call records associated with Plaintiffs as well as documentation pertaining to prior express consent that Defendant will rely upon in order to oppose Plaintiffs' Motion for Class Certification. "[D]iscovery must be broad enough to give plaintiffs a realistic opportunity to meet (the certification) requirements." *Flores v. Bank of Am.*, 2012 U.S. Dist. LEXIS 182393, *3 (S.D. Cal. Dec. 27, 2012) (internal quotations omitted). Plaintiff seeks the following categories of documents in discovery. Plaintiffs may need additional categories of documents depending on what information is provided to Plaintiffs and depending on how Defendant maintains its data:

1. Documentation regarding Defendant's policies and procedures for placing automated telephone calls;
2. Documentation regarding the autodialer campaign conducted by Defendant;
3. Documentation regarding Defendant's outbound dial list generated by any predictive dialer campaign;
4. Documentation regarding cellular phone numbers for individuals who have provided prior express consent to receive calls from Defendant

utilizing an ATDS or an artificial or prerecorded voice;

5. Documentation regarding the usage of Defendant's ATDS;

6. Documentation regarding all notes of conversations with Plaintiff; and,

7. Documentation regarding Defendant's affirmative defenses.

**Defendant's Position:**

Defendant anticipates propounding Interrogatories, Requests for Production and Requests for Admissions on Plaintiffs concerning their factual allegations and suitability to serve as class representatives. Defendant reserves all objections and rights to seek protective orders, as appropriate, concerning the overly broad and unduly burdensome class discovery outlined by Plaintiff which purports to seek confidential information of unrepresented, putative class members.

**2. Changes to Initial Disclosures Pursuant to Rule 26(a)**

The parties do not believe any changes should be made in the timing, form, or requirement for disclosures under Rule 26(a).

**3. Other Orders**

The Parties do not currently request any other orders.

**J.     DISCOVERY CUT-OFF**

The parties propose a discovery cut-off of March 29, 2016.

**K.     DISPOSITIVE MOTIONS**

**Plaintiffs' Position:**

Plaintiffs believe the following issues may be resolved by motion for summary judgment or motion *in limine*: 1) whether Defendant used an "ATDS" as defined by 48 U.S.C § 227(a)(1) to calls to Plaintiffs and the putative class members; 2) whether Defendant called Plaintiffs and the putative class members on their "cellular telephone"(s); 3) whether the calls to Plaintiffs and the putative class members were for an "emergency purpose" pursuant to 47 U.S.C. § 227(b)(1)(A); and 4) as to the named Plaintiffs, whether Defendant obtained the requisite "prior express consent" pursuant to 47 U.S.C. § 227(b)(1)(A).

**Defendant's Position:**

Defendant believes the following issues may be resolved by motion for summary judgment or motion *in limine*: 1) whether Defendant obtained "prior express consent" pursuant to 47 U.S.C. § 227(b)(1)(A) to call Plaintiffs and the putative class members on their cellular telephones using an ATDS; 2) whether "prior express consent" once established was effectively revoked by either Plaintiff or any member of the putative class; and 3) whether the telephone equipment used by Defendant is an "automatic telephone dialing system" under the TCPA.

Defendant concedes that in the ordinary course of business it does not place calls for an "emergency purpose" pursuant to 47 U.S.C. § 227(b)(1)(A).

**L.  SETTLEMENT**

The Parties have not yet engaged in substantive settlement discussions but remain open to future discussion, as the parties believe that further settlement discussions will benefit from a developed factual record. The parties are amenable to attempting to resolve this case by private mediation pursuant to Local Rule 16-15.4, with a mutually agreed upon mediator, to be determined, at the appropriate time.

**M.  TRIAL ESTIMATE**

The parties estimate a 3-4 day jury trial with three witnesses to be called by Plaintiffs and three witnesses to be called by Defendant if the action is not certified as a class. The parties estimate a seven day jury trial with three witnesses to be called by Plaintiffs and three witnesses to be called by Defendant if the action is certified as a class. Plaintiffs request a jury trial on all issues not resolved by motion for summary judgment or motion *in limine*. Plaintiffs' witness list will most likely grow after individuals are identified during the course of discovery.

**N.  TRIAL COUNSEL**

<u>Plaintiffs' Position:</u>

The attorneys who will try the case for Plaintiffs and will serve as lead trial counsel include:

    a.    Abbas Kazerounian – Kazerouni Law Group, APC

    b.    Gouya Ranekouhi- Kazerouni Law Group, APC

    c.    Joshua B. Swigart – Hyde & Swigart

    d.    Todd M. Friedman – Law Office of Todd M. Friedman

<u>Defendant's Position:</u>

    a.    Debbie P. Kirkpatrick – Sessions, Fishman, Nathan & Israel LLP

    b.    Damian P. Richard – Sessions, Fishman, Nathan & Israel LLP

    c.    James K. Schultz – Sessions, Fishman, Nathan & Israel, LLC (pro hac vice application to be filed)

**O.  INDEPENDENT EXPERT OR MASTER**

The parties do not believe that this is a case in which the Court should consider appointing a master pursuant to Fed R. Civ. P. 53 or an independent scientific expert.

**P.  PROPOSED DATES**

Please see the Schedule of Pretrial and Trial Dates Worksheet filed concurrently herewith as Exhibit A.

**Q.  OTHER ISSUES**

<u>Plaintiffs' Position:</u>

    a.    <u>Protective Order</u>: Plaintiffs do not anticipate making any claims of privilege or need protection from any category of documents sought. Plaintiffs anticipate that Defendant may seek a protective order.

<u>Defendant's Position:</u>

    b.    Defendant intends to seek a protective order concerning confidential and proprietary business information expected to be sought by Plaintiffs.

**R.     CONSENT TO MAGISTRATE**

The parties do not consent to have a Magistrate Judge preside over all the proceedings in this case.

Dated: May 11, 2015                                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:      /s/ Gouya Ranekouhi
    ABBAS KAZEROUNIAN
    GOUYA RANEKOUHI
    ATTORNEYS FOR PLAINTIFFS

**[Additional Attorneys for Plaintiffs]**

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN 216752)
tfriedman@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (888)595-9111
Facsimile: (866)633-0228

Dated: May 11, 2015

**SESSIONS, FISHMAN, NATHAN & ISRAEL, LLP**

By:     /s/ Debbie P. Kirkpatrick
DEBBIE P. KIRKPATRICK
DAMIAN P. RICHARD
ATTORNEYS FOR DEFENDANT

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Debbie P. Kirkpatrick, counsel for Defendant R.M. Galicia, Inc., dba Progressive Management Systems, and that I have obtained Ms. Kirkpatrick's authorization to affix her electronic signature to this document.

Dated: May 11, 2015                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:     /s/ Gouya Ranekouhi
ABBAS KAZEROUNIAN
GOUYA RANEKOUHI
ATTORNEYS FOR PLAINTIFFS